**NOT FOR PUBLICATION**

JUN 25 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISRAEL CHARCO-SILVA, AKA Adrian Charco,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 08-72756<br><br>Agency No. A077-312-220<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 15, 2014
Pasadena, California

Before: KOZINSKI, Chief Judge, and WARDLAW and FISHER, Circuit Judges.

Israel Charco-Silva petitions for review of the BIA's decision denying his motion to reconsider its decision sustaining the government's appeal of the IJ's decision granting his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, we review for an abuse of discretion, *see Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we grant the petition.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Charco-Silva gave conflicting testimony on the length of his trip to Mexico. He initially testified that the trip lasted 18 days. He subsequently testified that it lasted four months. The IJ noted the inconsistency but, without making an express finding on the length of the trip, found that Charco-Silva "has established that he has been physically present in the United States for the requisite ten year period." "Based on these discrepancies," the BIA found "clear error in the Immigration Judge's finding that respondent was physically present in the United States for a continuous period of not less than 10 years." Charco-Silva moved for reconsideration, arguing that the BIA had engaged in improper factfinding and that "the Board should have remanded for further, specific fact-finding before the IJ on Respondent's trip to his native country before finding him statutorily ineligible for Cancellation of Removal." The BIA rejected Charco-Silva's argument, concluding that it had properly applied its clear error standard of review. We disagree.

We recognize that there are two ways to read the record, but we conclude that the BIA erred under either reading. Under one reading, the IJ never made a factual finding on the length of Charco-Silva's trip to Mexico. If that was the case, then the BIA was required to remand the matter to the IJ rather than engaging in its own factfinding. *See Rodriguez v. Holder*, 683 F.3d 1164, 1170 (9th Cir. 2012) ("Where the IJ has not made a finding of fact on a disputed matter, and such a

2

finding is necessary to resolution of the case, the BIA must remand to the IJ to make the required finding; it may not conduct its own fact-finding." (citing 8 C.F.R. § 1003.1(d)(3)(iv))).

Under the alternative reading of the record, the IJ made an implicit finding, based on all of the evidence in the record, that the trip lasted 18 days rather than four months. If so, then the BIA was not free to overturn that finding simply because it "would have weighed the evidence differently or decided the facts differently had it been the factfinder." *Id.* at 1171 (internal quotation marks omitted); *accord In re R-S-H*, 23 I. & N. Dec. 629, 637 (BIA 2003). On the contrary, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Rodriguez*, 683 F.3d at 1171 (emphasis omitted) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)); *accord In re J-Y-C-*, 24 I. & N. Dec. 260, 263 (BIA 2007).

The government suggests that the BIA's decision could be sustained as a finding of insufficient evidence rather than as a finding of clear error on the part of the IJ. The BIA, however, reversed the IJ on the ground of clear error, not insufficient evidence, and we may not deny a petition for review on a ground upon which the BIA did not rely. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir.

3

2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

Where, as here, the BIA fails to follow its own regulations and makes factual findings, it commits an error of law, which we have jurisdiction to correct. *See Rodriguez*, 683 F.3d at 1170; *see also Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010) ("An error of law is an abuse of discretion."). We therefore grant the petition for review and remand to the BIA to remand to the IJ to make an express finding of fact on the length of Charco-Silva's trip to Mexico.

**PETITION GRANTED AND REMANDED.**