**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIA GUADALUPE OSORIO DE CORDOVA,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-72116<br><br>Agency No. A074-809-079<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016[**]

Before:    LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Lucia Guadalupe Osorio De Cordova, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's order denying her motion to

reopen removal proceedings conducted in absentia, and denying her motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or remand, and review de novo constitutional claims. *Hernandez-Velasquez v. Holder,* 611 F.3d 1073, 1077 (9th Cir. 2010); *Romero-Ruiz v. Mukasey,* 538 F.3d 1057, 1062 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying the motion to reopen based on lack of notice, where the record shows notice of the hearing was served on Osorio De Cordova's attorney of record. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (a motion to reopen to rescind an in absentia deportation order may be filed at any time if the alien demonstrates that he or she did not receive notice of the hearing); 8 C.F.R. § 1292.5(a) (permitting notice on alien's counsel of record); *Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir. 2000) (notice to the attorney of record constitutes notice to the alien).

The BIA did not abuse its discretion or violate due process in denying the motion to remand as untimely, where it was filed more than 10 years after the in absentia removal order, and Osorio De Cordova failed to establish the diligence necessary for equitable tolling of the filing deadline based on ineffective assistance of counsel. *See* 8 C.F.R. § 1003.23(b)(4)(ii); *Avagyan v. Holder,* 646 F.3d 672,

679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to "deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error"); *Popa v. Holder,* 571 F.3d 890, 897 (9th Cir. 2009) ("Due process is satisfied if service is conducted in a manner reasonably calculated to ensure that notice reaches the alien." (internal citation and quotation marks omitted)).

We lack jurisdiction to review the BIA's discretionary decision not to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, No. 12-73853, 2016 WL 6127064, at *11 (9th Cir. October 20, 2016).

In light of the equitable tolling determination, the BIA did not err in declining to address the merits of Osorio De Cordova's ineffective assistance of counsel claim. *See Simeonov v. Ashcroft,* 371 F.3d 532, 538 (9th Cir. 2004).

Osorio De Cordova's contentions that the agency failed to consider evidence and failed to provide a basis for finding her motion untimely are not supported by the record. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010).

In light of this disposition, we do not reach Osorio De Cordova's remaining contentions that the alleged ineffective assistance of counsel amounted to

exceptional circumstances that prevented her from appearing, that she was prejudiced by her counsel's performance, or that she is eligible for relief.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**