**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEDA ODETH HERNANDEZ-
VELASQUEZ,
                          *Petitioner,*

              v.

ERIC H. HOLDER Jr., Attorney
General,
                          *Respondent.*

No. 06-75728

Agency No.
A078-197-977

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 9, 2010—San Francisco, California

Filed July 14, 2010

Before: Stephen Reinhardt and Jay S. Bybee, Circuit Judges,
and James V. Selna, District Judge.*

Opinion by Judge Reinhardt

*The Honorable James V. Selna, United States District Judge for the
Central District of California, sitting by designation.

**COUNSEL**

Stephen Tollafield, Hastings College of the Law, University of California, San Francisco, California; Gary A. Watt, The

McNamara Law Firm, Walnut Creek, California, for the petitioner.

Andrea Gevas, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC; Kurt B. Larson, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC; Stacy Stiffel Paddack, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC; Ronald E. LeFevre, Department of Homeland Security, San Francisco, California, for the respondent.

## OPINION

REINHARDT, Circuit Judge:

Leda Odeth Hernandez-Velasquez ("Hernandez"), a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals'("BIA") denial of her motion to reopen and reinstate proceedings, which the BIA construed as a motion to reissue its decision denying her administrative appeal. Hernandez filed a declaration in which she declared under penalty of perjury that she did not receive notice of the BIA's denial of her administrative appeal because the BIA mailed its decision to her previous address, at which she no longer resided. Hernandez also declared that she timely submitted a "Change of Address" form to the BIA providing it with her correct new address, before it issued its decision. The BIA, in a single paragraph decision, held that there was no evidence to corroborate Hernandez's claims. Specifically, it stated that there was no proof that it received the Change of Address form that Hernandez declared under penalty of perjury that she had mailed, and that its decision had not been returned by the postal service; therefore it held that there was no apparent error in service.

We have jurisdiction to review the BIA's denial of motions to reopen in the exercise of the discretion committed to it by regulation. *See Kucana v. Holder*, 130 S. Ct. 827, 831 (2010); *Singh v. Gonzales*, 494 F.3d 1170 (9th Cir. 2007). We hold that the BIA abused its discretion in failing to discuss Hernandez's declaration and the attached photocopied Change of Address form in its decision, thereby failing to consider the "weight and consequences" of that evidence in its denial of her motion to reopen. *Singh*, 494 F.3d at 1173. The BIA was required to undertake such an analysis before ruling on the veracity of both Hernandez's claim that she mailed a Change of Address form and her claim that she did not receive notice from the BIA of its decision. We therefore grant Hernandez's petition and remand this matter to the BIA for further proceedings.

## I.  BACKGROUND

Hernandez is a 38-year-old native and citizen of Honduras, who entered the United States without inspection in 1989, and has lived continuously in the United States for the last 21 years. On February 28, 2000, the former Immigration and Naturalization Service ("INS") served Hernandez with a Notice to Appear, charging her with being subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Hernandez appeared before an Immigration Judge ("IJ") on February 13, 2004. The IJ ordered her removed, stating that, on the basis of a controlled substance conviction, she was "statutorily barred from cancellation of removal and the Court need not address other issues with regard to her residence in the United States, her character, nor the hardship that would . . . befall her lawful permanent resident parent and five United States citizen children." The IJ also stated that she was "statutorily barred from voluntary departure at the conclusion of the hearing due to a felony offense within the five year time period" and ordered that she be removed to Honduras.

On December 22, 2004, proceeding *pro se*, Hernandez filed a Notice of Appeal with the BIA of the IJ's December 3, 2004, decision. In a subsequently filed declaration under penalty of perjury, Hernandez declared that she "mailed a change of address form to the immigration appeals court in August of 2005 when [she] moved." A copy of that form, "Change of Address Form, Executive Office for Immigration Review Form 33," appended to Hernandez's declaration, shows that it was simultaneously served on the Department of Homeland Security District Counsel's Office. The form gave notice that Hernandez had moved from the address previously on file, [###]**¹** Benton Way, Los Angeles, CA 90026, to her new home, [###] S. Westlake Ave. #101, Los Angeles, CA 90057.

On October 21, 2005, the BIA summarily affirmed, without opinion, the IJ's decision and removal order. Hernandez stated in her subsequently-filed declaration that she received no notice of this decision by the BIA. In the declaration, Hernandez stated that "[o]n September 14, 2006 I called the 800 immigration court information number because I had not received any written notice regarding my appeal. By phone I was informed that my appeal had been dismissed on October 21, 2005. I never received any letter regarding the decision." The BIA had mailed notice of the opinion and a cover letter to Hernandez at [###] Benton Way, Los Angeles, CA 90026, the address at which her declaration and Change of Address form stated that she no longer lived, and not to the new address, [###] S. Westlake Ave. #101, Los Angeles, CA 90057.

On October 19, 2006, Hernandez filed a Motion to Reopen with the BIA, seeking to "reinstate/reopen proceedings to allow [her] to be properly notified of the BIA decision and thus allow [her] an opportunity to timely pursue her legal alternatives." The motion stated that Hernandez "notified the

---

**¹**To respect Hernandez's privacy, we have redacted her precise old and new street addresses. The form correctly listed the street number for each.

BIA of an address change to [###] S. Westlake Ave., Apt. #101, Los Angeles, CA 90057 on August 17, 2005." It also stated that Hernandez "never received the decision from the BIA." The motion was accompanied by the aforementioned declaration under penalty of perjury in which Hernandez set forth the facts underlying the claims that she made in the motion. In addition, Hernandez appended two Change of Address forms. One of the forms is dated October 6, 2006. This form states that Hernandez's current address is [###] S. Westlake Ave. #101, Los Angeles, CA 90057. The other form is a photocopy of the Change of Address form that Hernandez contends that she submitted on August 17, 2005. The photocopied form, labeled "copy" and dated August 17, 2005, also provides the BIA with the Westlake Avenue address.

On November 21, 2006, the BIA denied Hernandez's motion in a single paragraph. The BIA decision states:

> The respondent has filed a motion to reopen and reinstate the Board's prior October 21, 2005, decision, we will construe the motion as a motion to reissue. The motion is denied, as the decision was mailed to the address provided by the respondent on record. The respondent states that this Board was provided a copy of a Change of Address Form (Form EOIR-33) containing her current and correct address as [###] S. Westlake Ave., Apt. #101, Los Angeles, CA 90057, dated August 17, 2005. We note from the record of proceeding, that there is no evidence to corroborate this claim. Moreover, our prior decision was not returned to the Board undeliverable. As there is no error attributable to the Board in the service of its decision, we decline to accept the motion sua sponte. 8 C.F.R. § 1003.2 (a). Accordingly, the motion is denied.

## II. ANALYSIS

In the instant petition, Hernandez appeals only the BIA's order denying her motion to reopen and reissue. Our review

is, therefore, limited to consideration of that order, rather than the merits of Hernandez's underlying claim for cancellation of removal. *See* INA § 242(b)(4), 8 U.S.C. § 1252(b)(4). We review questions of law, including constitutional claims, *de novo*. *Masnauskas v. Gonzales*, 432 F.3d 1067, 1069 (9th Cir. 2005). We review the BIA's denial of motions to reopen for abuse of discretion. *Lainez-Ortiz v. INS*, 96 F.3d 393, 395 (9th Cir. 1996). The BIA abuses its discretion when it acts "arbitrar[ily], irrational[ly], or contrary to law." *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000). An error of law is an abuse of discretion. *See Mejia v. Ashcroft*, 298 F.3d 873, 878 (9th Cir. 2002).

**[1]** Here, the BIA's decision is "contrary to law," because it conflicts with our prior holding in *Singh v. Gonzales*, 494 F.3d 1170 (9th Cir. 2007). In *Singh* we held that when a petitioner offers evidence, in the form of an affidavit, tending to show that the BIA failed to comply with its notice obligations, the BIA must consider the "weight and consequences" of that affidavit before denying the petitioner's motion to reopen and must "specifically address what procedures or processes exist to assure that petitioners are notified of the BIA's decisions." *Id.* at 1173. We held that the BIA decision denying Singh's motion to reopen and reinstate/reissue was insufficient because it failed to provide any explanation of how the BIA reached its conclusion that its prior decision had been properly mailed to Singh, and because it failed to consider properly the affidavits submitted by Singh and his attorney stating that Singh had not received a copy of that decision.² We therefore held that the BIA was required, at a minimum, to consider whether Singh's affidavit rebutted the presumption of proper mailing of the notice by the BIA. *Id.* We stressed that affidavits about mailing or receipt can play a crucial role as rebuttal evidence because "the only evidence regarding mail-

---

²Although in *Singh* affidavits were submitted by both the petitioner and his counsel, it is not necessary for a petitioner to produce a separate declaration from counsel.

ing petitioners would have is information about their own receipt or nonreceipt of the decision." *Id.*

The BIA's ruling on Hernandez's motion to reopen/reissue rejects two specific factual contentions that she made. First, it rejects her contention that she timely filed a Change of Address form. Second, it rejects her contention that she did not receive notice of its decision. In both instances, we hold that the BIA impermissibly failed to consider the "weight and consequences" of the evidence that Hernandez submitted in support of her factual claims.

## A. The BIA failed to weigh the evidence that Hernandez submitted in support of her claim that she mailed a Change of Address form to the BIA

**[2]** It is a settled principle of our case law that the BIA enjoys a rebuttable "presumption of mailing" when it issues a decision accompanied by a properly addressed and dated cover letter. Such a cover letter creates a rebuttable presumption of mailing to the alien on the date of that letter. *See Haroutunian v. INS*, 87 F.3d 374, 375 (9th Cir. 1996). In *Singh* we held that the presumption of mailing that attaches to documents sent under such a cover letter may be rebutted by affidavits of nonreceipt by a petitioner or his counsel and that the BIA was required to consider the "weight and consequences" of the petitioner's evidence along with that provided by the BIA. 494 F.3d at 1172-1173. Under our precedent, therefore, the BIA has a duty to weigh all relevant evidence when there is a factual dispute about whether a document has been mailed by the BIA to a petitioner. *Id.* In particular, the BIA is required to weigh and consider the evidence submitted by petitioners such as Hernandez, including affidavits or declarations. *Id.*; *see also Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). We now hold that, consistent with *Singh*, the BIA also has a duty to weigh all relevant evidence, including affidavits or declarations, in cases in which there is a fac-

tual dispute about whether a document has been mailed by a petitioner to the BIA.

**[3]** Hernandez submitted a declaration under penalty of perjury that she mailed a copy of the Change of Address form dated "8-17-05" to "the immigration appeals court," i.e., to the BIA. A copy of that form, appended to Hernandez's declaration, shows that it was also served simultaneously on "the District Counsel for the Department of Homeland Security (DHS) at 606 S. Olive Street, 8th Floor, Los Angeles, CA 90014." The BIA's one-paragraph decision denying Hernandez's motion to reopen/reissue does not even mention the declaration that Hernandez submitted under penalty of perjury, nor does it refer to the photocopy that Hernandez provided of the completed Change of Address form that she claimed to have mailed. Instead, the decision simply states: "We note from the record of proceeding, that there is no evidence to corroborate this claim." It thus fails to consider the weight and consequences of the evidence that Hernandez submitted in support of her account of her mailing to the BIA.

**[4]** Although, as we held in *Singh*, the BIA is not required to undertake an evidentiary hearing to exhaust every possible element of an alien's factual claim, it is required to demonstrate that it has, at a minimum, considered any declaration and accompanying documents. It is also required to provide a reasonable explanation of the weight that it has given to an alien's submissions as evidence in support of his claim. 494 F.3d at 1172-1173. Here, the BIA's pro forma statement that "there is no evidence to corroborate [Hernandez's] claim," contains no discussion whatsoever of the evidence provided along with that claim. Therefore, in accordance with our prior ruling in *Singh*, we hold that the BIA abused its discretion in failing to consider Hernandez's declaration and supporting documents before rejecting her contention that she timely mailed a Change of Address form to the BIA.

**B.    The BIA failed to weigh the evidence that Hernandez submitted in support of her claim that she did not receive notice of the BIA's decision**

The BIA's decision in this case also conflicts with our holding in *Singh* with respect to Hernandez's claim that she did not receive a copy of the BIA's decision. As we explain *supra*, the BIA's one-paragraph ruling on Hernandez's motion to reopen and reinstate/reissue fails to mention that Hernandez submitted a declaration in support of her motion, let alone to undertake, as required by *Singh*, any weighing of the evidence contained in that declaration and the supporting documents to inform its conclusion that Hernandez received adequate notice of its decision.

**[5]** Hernandez's declaration explains that she did not receive the BIA's decision of October 21, 2005, and provides a plausible explanation as to why—her change of address. Both Hernandez's declaration, in which she stated that she mailed the Change of Address form to the BIA prior to the issuance of its October 21, 2005, decision, and the photocopy that she provided of that Change of Address form constitute colorable evidence in support of her claim that the BIA did not meet its obligations under 8 C.F.R. § 10031(f)(3) to provide her with adequate notice of that decision. The BIA was required to consider the "weight and consequences" of that declaration. *Singh*, 494 F.3d at 1173; *see also Mohammed*, 400 F.3d at 793 (holding that the BIA abused its discretion when it failed to consider and weigh all of the evidence submitted by a petitioner).

**[6]** The BIA's failure to mention Hernandez's declaration, or to mention that a copy of the Change of Address form was supplied to the BIA along with that declaration, inevitably led to its failure to consider the weight and consequences of the declaration and the accompanying documents as compared to its own records, "procedures or processes," in determining whether Hernandez received adequate notice of its decision.

*Singh*, 494 F.3d at 1173. The BIA's additional statement that "our prior decision was not returned to the Board undeliverable" also fails to meet *Singh*'s requirement that the BIA "specifically address" which procedural safeguards it employed to ensure that its decision was mailed to a petitioner's correct address. *Id.* There is no discussion in the BIA's decision of how exactly a Change of Address form might appear in the "record of proceeding," nor is there any analysis of whether the fact that the prior decision had not been "returned to the Board undeliverable" was consistent with any kind of internal BIA standard for adjudging whether a petitioner had been provided with adequate notice. Accordingly, without the benefit of the BIA's reasoning, we find ourselves unable to decide in the first instance the weight and consequences of Hernandez's declaration, *see id.*, and unable to evaluate the relevance of the absence of any record that the October 21, 2005, decision was returned, unopened, to the BIA.

[7] In light of the fundamental shortcomings in the BIA's one-paragraph decision, we grant Hernandez's petition and remand this case to the BIA for further proceedings. The BIA may want to consider not only what mechanisms it has adopted to ensure that petitioners are informed of its decisions, but also what administrative procedures it employs to log in the receipt of Change of Address forms and to ensure that information contained in those forms is properly recorded.

**GRANTED and REMANDED.**