**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARDO JIMENEZ-ARIZA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 04-76778 <br> 09-70613 <br><br> Agency No. A029-881-960 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

In these consolidated petitions for review, Leonardo Jimenez-Ariza, a native

and citizen of Colombia, petitions for review of the Board of Immigration Appeals'

("BIA") orders dismissing his appeal from an immigration judge's removal order

and denying his motion to reopen.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo constitutional claims and questions of law, and for abuse of discretion the denial of a motion to reopen. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). In a July 8, 2008, memorandum disposition we previously denied the petition for review in No. 04-76778, but we later stayed issuance of the mandate and consolidated the petition with No. 09-70613. We now order the mandate to issue. In No. 09-70613, we deny the petition for review.

The BIA did not violate Jimenez-Ariza's equal protection rights when it determined that the pardon of his 1990 Georgia conviction for possession of cocaine did not eliminate its immigration consequences under *Lujan-Armendariz v. INS*, 222 F.3d 728, 735 (9th Cir. 2000), because a pardon under Ga. Const. art. IV, § 2 is "generally dissimilar" to an expungement under the Federal First Offender Act ("FFOA"). *De Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1025 (9th Cir. 2007)*; cf.* Ga. Code Ann. § 42-8-60 et seq. (Georgia First Offender Act).

Contrary to Jimenez-Ariza's contention, the pardon of his conviction does not render him immune from removal under 8 U.S.C. § 1182(a)(2)(A)(i)(II). *See Aguilera-Montero v. Mukasey*, 548 F.3d 1248, 1251 (9th Cir. 2008) ("Contrary to [petitioner's] argument that a state pardon removes all legal consequences of a conviction, [petitioner's] state pardon does not entitle him to a waiver that does not exist in 8 U.S.C. § 1182(a)(2)(A)(i)(II).").

04-76778

**In No. 04-76778: MANDATE SHALL ISSUE, CONCURRENTLY WITH 09-70613.**

**In No. 09-70613: PETITION FOR REVIEW DENIED.**