FILED

JAN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PERFECTO SOLANO-GARCIA, | No. 12-73368 |
| Petitioner, | |
| v. | Agency No. A079-519-060 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015**

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Perfecto Solano-Garcia, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen and a motion to

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

reissue. *Hernandez-Valasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). We review de novo constitutional claims. *Id.* We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Solano-Garcia's motion to reopen as untimely, where Solano-Garcia filed the motion more than seven years after his order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of a final order of removal), and he failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679-80 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as the alien exercises due diligence in discovering such circumstances).

Because the BIA committed no error in denying Solano-Garcia's motion to reopen for failure to demonstrate due diligence, it follows that the BIA also did not violate his due process rights in denying the motion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must demonstrate error and prejudice to prevail on a due process challenge).

We lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

12-73368

Because the timeliness determination is dispositive, we do not address Solano-Garcia's remaining contentions regarding his motion to reopen.

The BIA did not abuse its discretion in denying Solano-Garcia's motion to reissue its prior order, where the record shows that the BIA mailed that order to Solano-Garcia's counsel of record. *See* 8 C.F.R. § 1292.5(a) (permitting service upon an alien's counsel of record); *Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007) ("If the decision was properly mailed, then the BIA fulfilled its statutory duty of service.").

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**