**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUHAMMAD KASHIF,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-73441<br><br>Agency No. A097-689-514<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2015[**]
San Francisco, California

Before: WALLACE, SILVERMAN, and CHRISTEN, Circuit Judges.

Petitioner Muhammad Kashif, a native and citizen of Pakistan, petitions for

review of the Board of Immigration Appeals' (Board) order denying his motion to

reissue the Immigration Judge's (IJ) decision based on ineffective assistance of

counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

discretion, *Hernandez-Velasquez v. Holder*, 611 F.3d 1073 (9th Cir. 2010), and we deny the petition for review.

In his motion to reissue, Kashif alleged his former counsel provided him with ineffective assistance of counsel by failing to inform him that the IJ reissued its January 11, 2011, order on June 7, 2011, in order to allow Kashif to perfect his appeal timely or file a motion to reopen.

The Board did not abuse its discretion in denying Kashif's motion for failure to comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), where Kashif failed to include evidence that the letter he claimed to have sent to the State Bar of Nevada was in fact filed or that he notified his prior attorney of the allegations against him and gave him an opportunity to respond. *Reyes v. Ashcroft*, 358 F.3d 592, 597-99 (9th Cir. 2004). Further, the State Bar rule Kashif cites to argue his attorney would have been notified of the complaint does not state whether or when an attorney is notified unless the State Bar's action is a private reprimand. Kashif also failed to submit an affidavit with his motion that "set forth in detail the agreement that was entered into" with his former counsel. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1023 (9th Cir. 2004).

12-73441

Regardless of the threshold procedural requirements set forth in *Lozada*, the Board's conclusion that the motion did not establish a prima facie ineffective assistance of counsel claim based on the administrative record did not constitute an abuse of discretion. *See Azanor v. Ashcroft*, 364 F.3d at 1023. The facts on which Kashif relies to make his claim are not clear on the face of the record.

**PETITION FOR REVIEW DENIED.**