**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GILDARDO VAZQUEZ-MENDEZ,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

Nos. 14-71255
15-72521

Agency No. A200-705-932

MEMORANDUM*

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted October 25, 2016**

Before: LEAVY, SILVERMAN, and GRABER, Circuit Judges.

In these consolidated petitions for review, Gildardo Vazquez-Mendez, a

native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") orders dismissing his appeal from an immigration judge's order

denying his motion to reopen removal proceedings conducted in absentia, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

denying his subsequent motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Hernandez-Velasquez v. Holder,* 611 F.3d 1073, 1077 (9th Cir. 2010). We deny the petitions for review.

The agency did not abuse its discretion in denying Vazquez-Mendez's first motion to reopen his in absentia removal order, where written notice of the hearing was served on his attorney of record. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2); 8 C.F.R. § 1292.5(a) (permitting notice on alien's attorney of record); *Garcia v. INS,* 222 F.3d 1208, 1209 (9th Cir. 2000) (notice to the attorney of record constitutes notice to the alien).

The BIA did not abuse its discretion or violate due process in denying Vazquez-Mendez's second motion to reopen, based on ineffective assistance of counsel, for failure to establish prejudice, where he has not shown that the documents submitted with his appeal to the BIA may have affected the outcome of his proceedings. *See Martinez-Hernandez v. Holder,* 778 F.3d 1086, 1088 (9th Cir. 2015) (to establish prejudice, "a petitioner must show counsel's performance was so inadequate that it may have affected the outcome of proceedings." (quotation marks and citations omitted)).

14-71255 & 15-72521

In light of this disposition, we do not reach Vazquez-Mendez's remaining contentions regarding the alleged conduct of former counsel.

**PETITIONS FOR REVIEW DENIED.**