NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGOBERTO SEGURA RODRIGUEZ; et al., <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.   12-73083 <br><br> Agency Nos.   A097-364-453 <br> A097-364-454 <br> A097-364-455 <br> A097-364-456 <br> A097-364-457 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2016[**]

Before:   LEAVY, BERZON, and MURGUIA, Circuit Judges.

Rigoberto Segura Rodriguez and Ana Maria Segura Comparan, and their

children Sergio Alberto Segura Comparan, Josue Omar Segura Comparan, and

Juan Carlos Segura Comparan, natives and citizens of Mexico, petition pro se for

review of the Board of Immigration Appeals' ("BIA") order denying their motion

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo constitutional claims. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion or violate due process in denying the motion to reopen as untimely, where the motion was filed more than six years after the final administrative order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to establish the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as petitioner exercises due diligence in discovering such circumstances); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Petitioners' contention that the BIA did not sufficiently address their contentions is not supported by the record.

Because the timeliness determination is dispositive, we do not reach petitioners' contentions regarding compliance with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), the competency of former counsel's representation, or their

12-73083

eligibility for asylum and related relief.

We lack jurisdiction to review the agency's decision not to administratively close proceedings. *See Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1120 (9th Cir. 2009) (this court lacks jurisdiction to review the denial of administrative closure for lack of a sufficiently meaningful standard to evaluate the decision). We also lack jurisdiction to consider petitioners' unexhausted contention regarding the immigration judge's exercise of discretion. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (8 U.S.C. "§ 1252(d)(1) mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.")

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**