NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUZHEN YANG,<br><br>    Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No.    16-72968<br><br>Agency No. A206-529-176<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018[**]

Before:    CANBY, W. FLETCHER and CALLAHAN, Circuit Judges.

Yuzhen Yang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings and to reissue its decision denying her appeal from an

immigration judge's final order of removal. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in declining to reopen and reissue its prior February 16, 2016, order, where Yang concedes the motion was filed more than 90 days after her final order of removal, she did not claim any exception to the filing deadline, and the BIA properly sent the prior order to the last address she provided and to her attorney. *See* 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229(c) (service by mail is sufficient if there is proof of attempted delivery to the last address provided by the alien); *Al Mutarreb v. Holder*, 561 F.3d 1023, 1028 n.6 (9th Cir. 2009) (service of a hearing notice on an alien's counsel may be a sufficient means of providing notice of the time and location of removal proceedings).

To the extent Yang contends the BIA should have reopened her case under its sua sponte authority, we lack jurisdiction to consider this contention. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 840 F.3d 575, 588-89 (9th Cir. 2016).

We lack jurisdiction to consider Yang's contentions challenging the BIA's February 16, 2016, order denying her claims for relief because this petition is not

timely as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.