**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>SANTOS TOMASA PABLO CALMO;<br>B.P.C.,<br><br>        Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>        Respondent.</td><td>No.   20-73423<br><br>Agency Nos.     A208-311-888<br>                   A208-311-887<br><br><br>MEMORANDUM[*]</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2022
Portland, Oregon

Before: SCHROEDER and SUNG, Circuit Judges, and ANTOON,[**] District
Judge.

Santos Pablo Calmo, an indigenous Mayan Mam woman from Guatemala,

petitions for review of the order of the Board of Immigration Appeals ("BIA")

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

denying her motion to reissue the dismissal of her asylum proceedings. She argues that reissuance is warranted because the ineffective assistance of her former counsel—specifically, counsel's failure to advise her that the BIA had denied her appeal—prevented her from timely appealing the BIA's decision. The parties agree that our review is for abuse of discretion. *See Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010); *see also Coyt v. Holder*, 593 F.3d 902, 904 n.1 (9th Cir. 2010) ("A motion to reissue is treated as a motion to reopen.") (internal citations omitted).

The ninety-day deadline for a motion to reissue, 8 U.S.C. § 1229a(c)(7)(C), is subject to equitable tolling for ineffective assistance if petitioner can show, among other things, the exercise of due diligence in discovering her former counsel's error. *See Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011). The BIA concluded that Pablo Calmo did not exercise due diligence because she did not seek new counsel for two years after her former counsel stopped returning her calls in October 2017. The BIA also based its decision on its assertion that petitioner tried to call her attorney only one time after the attorney's last attempted contact in October 2017, even though Pablo Calmo stated in her declaration that she tried to call at least four times. The government maintains there was no abuse of discretion.

2

In October 2017, however, Pablo Calmo had no reason to suspect her former counsel of misconduct. She had paid her former counsel $8,000 to represent her before the IJ, and her counsel had done so. Moreover, she had paid her former counsel an additional $2,500 to represent her on appeal before the BIA, and she reasonably expected her counsel to continue to advocate on her behalf. Pablo Calmo's former counsel's failure to take action on her behalf did not occur until July 2018, when counsel did not timely inform Pablo Calmo of the BIA's decision. Pablo Calmo could not have reasonably suspected the error underlying her motion before that time. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) ("In order to assess whether petitioner exercised due diligence . . . we determine if (and when) a reasonable person in petitioner's position would suspect the specific fraud or error underlying her motion to reopen.").

Pablo Calmo learned for the first time that the BIA had denied her appeal when she obtained new counsel in 2019. New counsel obtained the record in the case and sought reissuance of the BIA's decision for purposes of seeking review of the merits of the case before this Court. Pablo Calmo then filed her motion to reissue within ninety days of receiving the complete record of the immigration proceedings in response to her Freedom of Information Act Request. *See Avagyan*, 646 F.3d at 679 ("the tolling period should end . . . [i]n many cases . . . when the

3

alien obtains a complete record of his immigration proceedings and is able to review that information with competent counsel.") (internal citations omitted). Equitable tolling is warranted in this case because Pablo Calmo exercised due diligence.

The BIA's denial of Pablo Calmo's motion to reissue was therefore an abuse of discretion. We grant the petition for review and order the BIA to reissue its decision dismissing her appeal.

**PETITION GRANTED.**