**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLOR MARLENI CHICAS; et al., | No.   16-73071 |
| Petitioners, | Agency Nos.   A202-079-979 |
| v. | A202-079-980 |
| | A202-079-981 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before:     S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Flor Marleni Chicas and her two children, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order denying their motion to reopen and reissue its prior decision.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen and reissue. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). We review de novo questions of law, including claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen and reissue as untimely, where it was filed more than six months after the final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final removal order); *see also Coyt v. Holder*, 593 F.3d 902, 904 n.1 (9th Cir. 2010) ("A motion to reissue is treated as a motion to reopen.") (internal quotation marks and citations omitted), and petitioners did not submit any evidence to rebut the presumption of mailing to their counsel, *see* 8 C.F.R. § 1292.5(a) (notice shall be given to the attorney or representative of record); *cf. Singh v. Gonzales,* 494 F.3d 1170, 1173 (9th Cir. 2007) (remanded to consider whether presumption of mailing was rebutted where petitioner and counsel swore to nonreceipt of BIA decision).

Petitioners failed to establish ineffective assistance of counsel where they did not demonstrate counsel failed to adequately attempt to notify them of the BIA's decision. *See Mohammed*, 400 F.3d at 793 (for an ineffective assistance of counsel claim to prevail, petitioner must demonstrate counsel failed to perform

with sufficient competence).

We lack jurisdiction to consider petitioners' contentions as to the merits of Chicas's applications for asylum and related relief because they did not timely petition for review as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**