**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLEOFAS ESPINOSA MALABAR,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-71952

Agency No. A208-732-471

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2024[**]
San Francisco, California

Before:  GOULD, SUNG, and DE ALBA, Circuit Judges.

Cleofas Espinosa Malabar, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an Immigration Judge's ("IJ") decision denying her motion to reopen

removal proceedings. The IJ ordered Petitioner removed *in absentia* after she

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failed to appear for a removal hearing on June 20, 2018. Petitioner contends she did not receive notice of the hearing date because the notice was sent to an old address rather than her current, new address. On July 27, 2017, Petitioner was personally served at her old address with an incomplete notice to appear that did not specify the date and time of her hearing. On August 14, 2017, a supplementary notice of hearing with the date and time was mailed to her old address. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition in part and dismiss it in part.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). "We review the denial of a motion to reopen for an abuse of discretion." *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). "We review factual findings for substantial evidence and legal questions de novo." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (cleaned up).

A noncitizen may move to reopen "at any time" if she did not receive proper notice of the removal proceedings. 8 U.S.C. § 1229a(b)(5)(C)(ii). The government is entitled to a presumption of effective service, but this presumption is "weaker" where, as here, the government served notice by regular mail rather than certified mail. *See Sembiring*, 499 F.3d at 987.

2

The BIA abused its discretion in denying Petitioner's motion to reopen because (1) the agency failed to consider all relevant evidence, and (2) Petitioner has met her burden to overcome the presumption of effective service.

First, generally, "[t]he BIA abuses its discretion when it denies [a] petitioner's claim with no indication that it considered all of the evidence" presented by the petitioner. *Avagyan v. Holder*, 646 F.3d 672, 681 (9th Cir. 2011). "[T]he BIA has a duty to weigh all relevant evidence when there is a factual dispute about whether a document has been mailed by the [agency] to a petitioner." *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1078 (9th Cir. 2010). Here, Petitioner submitted evidence that she had mailed a change of address form to the Department of Homeland Security ("DHS") dated July 1, 2017. The BIA discredited this evidence because the form predates both personal service of the notice to appear at her old address and her asylum interview, where Petitioner did not seek revisions to the old address listed in her application. Yet the agency wholly failed to consider other documents that support the form's veracity. For example, Petitioner submitted an Internal Revenue Service letter dated July 21, 2017, that lists her new address. A bank statement for the period from July 19, 2017, through August 16, 2017, and a furniture invoice dated as early as February 11, 2017, also use the new address. The BIA had a duty to weigh this relevant evidence, which tends to show that Petitioner had moved to the new address, when

considering whether Petitioner received proper notice of the hearing.

Second, Petitioner has presented sufficient evidence to overcome the presumption of effective service. "The test for whether [a noncitizen] has produced sufficient evidence to overcome the presumption of effective service by regular mail is practical and commonsensical rather than rigidly formulaic." *Sembiring*, 499 F.3d at 988. Factors to consider include the petitioner's incentive to appear at a removal hearing and the contents of her affidavit. *See Perez-Portillo v. Garland*, 56 F.4th 788, 794 (9th Cir. 2022). Here, Petitioner did not have a motive to avoid the hearing because she is the one who "initiate[d] a proceeding to obtain a benefit." *Salta v. I.N.S.*, 314 F.3d 1076, 1079 (9th Cir. 2002). Fifteen years after entering the U.S., Petitioner voluntarily approached the government when she filed an asylum application and attended an interview with an asylum officer. *See Sembiring*, 499 F.3d at 988–89 (explaining that the petitioner's affirmative asylum filing constituted circumstantial evidence in support of non-receipt). Following the interview, Petitioner's asylum application was referred to an immigration court for further evaluation. Additionally, Petitioner has explained she was motivated to attend her hearing because she believed she was statutorily eligible for cancellation of removal based on hardship to one of her children. While the BIA faulted Petitioner for presenting only "a written assertion of non-receipt, not a sworn affidavit," such an affidavit is "not always necessary" to establish non-receipt,

particularly when the petitioner is proceeding pro se, as Petitioner is here. *Id.* at 989–90; *see also Perez-Portillo*, 56 F.4th at 795 ("Although [the petitioner's] statements were not in the form of an affidavit, we have not required such from pro se petitioners."). Therefore, the denial of Petitioner's motion to reopen was an abuse of discretion.

Petitioner also argues the BIA should have reopened her case under its *sua sponte* authority. We lack jurisdiction to review the agency's *sua sponte* reopening decision because Petitioner fails to identify a legal or constitutional error affecting the BIA's decision. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION GRANTED in part, DISMISSED in part, and REMANDED.**

Costs are awarded to Petitioner.