**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VICTOR ELICEO COLINDREZ ORTEGA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3496

Agency No.
A208-763-837

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 4, 2026
Phoenix, Arizona

Before: BERZON, CALLAHAN, and FRIEDLAND, Circuit Judges.

Petitioner Victor Eliceo Colindrez Ortega ("Colindrez Ortega") petitions for

review of a decision by the Board of Immigration Appeals ("BIA") denying

Colindrez Ortega's motion to reopen and reissue the BIA's decision in the appeal

of his asylum, withholding, and Convention Against Torture ("CAT") claims.

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction pursuant to 8 U.S.C. § 1252. A motion to reissue an agency decision is treated as a motion to reopen. *See Coyt v. Holder*, 593 F.3d 902, 904 n.1 (9th Cir. 2010). We review the denial of a motion to reopen for abuse of discretion. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). "An error of law is an abuse of discretion." *Id.*

Petitioner Victor Eliceo Colindrez Ortega applied for asylum, withholding of removal, and CAT protections. An Immigration Judge denied his application in late 2020, and Colindrez Ortega appealed to the BIA. During most of the time that Colindrez Ortega's appeal was pending before the BIA, he was detained at an immigration detention center. He was released in March of 2021. The BIA dismissed his appeal and mailed its decision to the detention center in early April of 2021. The decision was returned to sender a few days later, with a stamp that indicated that the reason it was being returned was that Colindrez Ortega was no longer in custody.

Nearly two years after the BIA dismissed his appeal, in February of 2023, Colindrez Ortega filed a motion to reopen and reissue. He requested that the BIA reissue its decision because he never received it. He had been under the impression that his case was still pending until late January of 2023, when he learned from an Immigration and Customs Enforcement officer that his appeal had been dismissed and that he had consequently missed his opportunity to appeal the

BIA's decision to this court. The BIA denied Colindrez Ortega's motion based on his apparent failure to update his address with the BIA when he was released from detention, and on the BIA's apparent compliance with the statutory service requirements. Colindrez Ortega timely filed a petition for review in this court.

While Colindrez Ortega's petition for review was pending, our court decided *United States v. Rivera-Valdes*, 157 F.4th 978 (9th Cir. 2025) (en banc). We concluded that "the notice afforded to noncitizens subject to removal is governed by the due process standards articulated in" *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950), and *Jones v. Flowers*, 547 U.S. 220 (2006). *Rivera-Valdes*, 157 F.4th at 988. We clarified that when the government "learns that its notice efforts have not succeeded, that knowledge triggers an obligation on [its] part to take additional reasonable steps to effect notice, if it is practicable to do so." *Id.* at 989. We also held that the agency's "compliance with statutory notice requirements does not resolve whether notice is reasonably calculated under the practicalities and peculiarities of an individual case," *id.* (citation modified), and that a petitioner's "failure to comply with a statutory obligation to keep his address updated d[oes] not forfeit his right to constitutionally sufficient notice," *id.* at 991 (citation modified).

The BIA did not have the benefit of the decision in *Rivera-Valdes* when it denied Colindrez Ortega's motion to reopen and reissue. We remand to the BIA to

reevaluate Colindrez Ortega's motion to reopen and reissue in light of *Rivera-Valdes*.

**PETITION GRANTED and REMANDED.**