NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO DIAZ-DIAZ, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 15-72455 Agency No. A073-446-697 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026[**]
Pasadena, California

Before: WARDLAW, BADE, and H.A. THOMAS, Circuit Judges.

Antonio Diaz-Diaz ("Diaz"), a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying Diaz's untimely motion to reopen his deportation proceedings. We have jurisdiction under 8

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252, and we deny the petition.

We review the denial of a motion to reopen for abuse of discretion. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). We will reverse the BIA's denial of a motion to reopen only when that denial is "arbitrary, irrational or contrary to law." *Nababan v. Garland*, 18 F.4th 1090, 1094 (9th Cir. 2021).

1. The BIA did not abuse its discretion by denying Diaz's motion to reopen as untimely. A motion to reopen must be filed within 90 days of the agency's final order of removal unless it falls within a statutory exception. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). Diaz filed the motion to reopen almost two decades after his deportation, and does not dispute that the motion is untimely. The BIA found that Diaz failed to establish changed country conditions in Guatemala, and Diaz does not challenge this finding in his opening brief. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (holding that issues not "specifically and distinctly" argued in a party's opening brief are forfeited (citation omitted)). Nor does Diaz argue that he qualifies for any exception to the filing deadline.

2. Separately, Diaz argues that he was deprived of the right to a fair proceeding because the IJ failed to apprise him of his right to apply for voluntary departure during his 1996 deportation hearing. Even assuming that the failure to advise a noncitizen of his right to apply for voluntary departure is a violation of

2

due process, *see United States v. Lopez-Velasquez*, 629 F.3d 894, 896–97 (9th Cir. 2010), Diaz does not meaningfully dispute the BIA's holding that this argument is unsupported by the record. In fact, the record reflects that Diaz was asked whether he wanted to give up his right to apply for relief, and that he confirmed that he wanted to be deported.

**PETITION DENIED**.[1]

---

[1] Petitioner's Motion to Stay Removal is denied as moot. *See* Dkt. 1. The temporary stay will dissolve when the mandate issues.