**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SANTOS GERMAN HERNANDEZ VILLATORO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-7199<br><br>Agency No.<br>A071-909-774<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2026**
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District
Judge.***

Santos German Hernandez Villatoro ("Hernandez") petitions for review of a

decision of the Board of Immigration Appeals ("BIA") denying his motion to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jeffrey Vincent Brown, United States District Judge
for the Southern District of Texas, sitting by designation.

reopen.  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

We review the denial of a motion to reopen for abuse of discretion. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010).  We will reverse the BIA's denial of a motion to reopen only when that denial is "arbitrary, irrational or contrary to law."  *Nababan v. Garland*, 18 F.4th 1090, 1094 (9th Cir. 2021).

1.      The BIA did not abuse its discretion by denying Hernandez's untimely motion to reopen on the ground that Hernandez failed to establish prima facie eligibility for asylum or withholding of removal.[1]  *See Kaur v. Garland*, 2 F.4th 823, 833 (9th Cir. 2021) ("A party demonstrates prima facie eligibility for relief where the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." (internal quotation marks and citation omitted)).  Even assuming that Hernandez articulated a cognizable particular social group ("PSG"), the BIA correctly determined that Hernandez's fears of generalized violence bear no nexus to that PSG.[2]  *See Zetino v. Holder*, 622 F.3d 1007, 1016

---

[1] Hernandez did not apply for protection under the Convention Against Torture ("CAT").

[2] Hernandez argues for the first time on appeal that he will be persecuted on account of his imputed political view of being opposed to violence, and also offers certain PSGs that were not presented to the BIA.  However, we cannot review arguments that were not exhausted before the BIA.  8 U.S.C. § 1252(d)(1).

24-7199

(9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2.      Hernandez also challenges the BIA's denial of his motion for sua sponte reopening. Where a motion to reopen is based on the BIA's sua sponte authority to reopen proceedings, we "lack jurisdiction to review that decision, although we retain jurisdiction to review the denial of sua sponte reopening for 'legal or constitutional error.'" *Rubalcaba v. Garland*, 998 F.3d 1031, 1035 (9th Cir. 2021) (quoting *Lona v. Barr*, 958 F.3d 1225, 1229 (9th Cir. 2020)). Because Hernandez fails to identify any legal or constitutional error in the denial of his motion, we lack jurisdiction to review this decision.

**PETITION DENIED.**[3]

---

[3] Hernandez's motion to stay removal is **DENIED**. *See* Dkt. No. 2.