**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAQUIN TOMAS SALVADOR-SILVESTRE; SILDA ANABELLA MENDEZ-PASCUAL; I.A.J.M., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-2828 <br><br> Agency Nos. <br> A220-912-698 <br> A220-912-699 <br> A220-912-700 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2026**
San Francisco, California

Before: S.R. THOMAS, KOH, and H.A. THOMAS, Circuit Judges.

Joaquin Tomas Salvador-Silvestre, his spouse Silda Anabella

Mendez-Pascual, and their daughter I.A.J.M. (collectively "Petitioners") petition

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal of an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Pursuant to the governing statute, a petition for review from a BIA decision "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The statutory deadline is a non-jurisdictional rule. *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1047 (9th Cir. 2023). In this case, the BIA's decision was filed on September 9, 2024. Petitioners' petition for review was filed on May 1, 2025, more than 7 months after the filing of the BIA decision. Therefore, the petition was untimely pursuant to 8 U.S.C. § 1252(b)(1).

Assuming, without deciding, that the principles of equitable tolling apply to 8 U.S.C. § 1252(b)(1), the Petitioners have not satisfied them here. As a general matter, a petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "In evaluating whether an 'extraordinary circumstance stood in [a petitioner's] way and prevented timely filing,' a court is not bound by 'mechanical rules' and must decide the issue based on all the circumstances of the case before

it." *Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020) (alteration in original) (quoting *Holland*, 560 U.S. at 649‑50). "In determining whether reasonable diligence was exercised[,] courts shall consider the petitioner's overall level of care and caution in light of his or her particular circumstances." *Perez v. Reubart*, 150 F.4th 1164, 1178 (9th Cir. 2025) (citation modified). "The level of diligence required is reasonable diligence, not maximum feasible diligence," and "diligence must be evaluated in all time periods—before, during, and after the existence of an extraordinary circumstance." *Id.* (citation modified).

In a motion to accept the late filing, Petitioners' counsel claims that neither he nor Salvador-Silvestre received a notice of the BIA decision until April 26, 2025, when Petitioner's pending work permit was denied. Although the motion contained a declaration from Salvador-Silvestre, it did not contain an affidavit from either him or counsel. "[T]he BIA enjoys a rebuttable 'presumption of mailing' when it issues a decision accompanied by a properly addressed and dated cover letter. Such a cover letter creates a rebuttable presumption of mailing to the alien on the date of that letter." *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1078 (9th Cir. 2010) (*citing Haroutunian v. INS*, 87 F.3d 374, 375 (9th Cir. 1996)). The transmitting cover letters contained in the record here indicate that the decision was mailed to both Salvador-Silvestre and his counsel. The address for

3

Petitioners' counsel is the same contact information as that contained in filings in this Court. The unsworn statement submitted by counsel and the declaration by Salvador-Silvestre are not sufficient to rebut the presumption of mailing and are not sufficient to establish the requisite extraordinary circumstance. *See Hernandez-Velasquez*, 611 F.3d at 1078 ("[T]he presumption of mailing that attaches to documents sent under such a cover letter may be rebutted by affidavits of nonreceipt by a petitioner or his counsel . . . ."). In addition, no evidence was tendered as to the diligence of Petitioners or counsel in attempting to ascertain the status of the case.

Thus, we dismiss the appeal as untimely filed.

**PETITION DISMISSED.**[1]

---

[1] Petitioners' motion to accept the late filing (Dkt. 4.1) is granted to the extent that the panel could review the filed briefs, but denied as to accepting the petition as timely filed. The Respondent's motion for an extension of time to file an answering brief (Dkt. 25.1) is granted.