NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 26 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRACIELA PULIDO-CHAVEZ, | No. 20-70225 |
| Petitioner, | Agency No. A075-769-180 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2026[**]
Pasadena, California

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Graciela Pulido-Chavez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying her third motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). "We review the Board's determination of purely legal questions de novo." *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005). "Factual findings are reviewed for substantial evidence." *Id.*

1.     Substantial evidence supports the BIA's conclusion that Pulido-Chavez failed to submit evidence of changed country conditions in Mexico as required to submit an untimely and number-barred third motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3) (providing that "[t]he time and numerical limitations . . . shall not apply to a motion to reopen proceedings . . . based on changed circumstances arising in the country of nationality"). Although Pulido-Chavez submitted evidence demonstrating that violence against women in Mexico increased in the years preceding the filing of her motion to reopen, the record is devoid of any evidence of the conditions that existed in Mexico at the time she was ordered removed. *See Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) (assessing whether "the new evidence is qualitatively different from the evidence presented at [the original] asylum hearing"). Therefore, the record does not compel the conclusion that Pulido-Chavez's new country conditions evidence demonstrates that "circumstances have changed sufficiently" in Mexico such that she "now has a well-founded fear of future persecution." *Id.*

2.     Even if Pulido-Chavez established changed country conditions, substantial evidence supports the BIA's conclusion that she failed to establish prima facie eligibility for asylum or withholding of removal.  *See Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021).  The record does not compel the conclusion that Pulido-Chavez has a reasonable likelihood of demonstrating an objectively reasonable fear of persecution on account of a protected ground given that she fears only generalized violence in Mexico.  *See Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("[A]n applicant must show [she] was individually targeted on account of a protected ground rather than simply the victim of generalized violence.").  Moreover, substantial evidence supports the BIA's conclusion that Pulido-Chavez could safely relocate in Mexico.  *See id.* at 648 ("Relocation is generally not unreasonable solely because the country at large is subject to generalized violence.").

3.     Substantial evidence also supports the BIA's determination that Pulido-Chavez failed to establish prima facie eligibility for protection under the Convention Against Torture.  The record does not compel the conclusion that Pulido-Chavez has a reasonable likelihood of demonstrating that she is more likely than not to be tortured by, or with the consent or acquiescence of, the Mexican government.  *See* 8 C.F.R. §§ 1208.16, 1208.18(a)(1).

**PETITION DENIED.**

3