NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARMANDO HORACIO SALAZAR-ARVIZU,

Petitioner,

v.

ROBERT M. WILKINSON, Acting Attorney General,

Respondent.

No.    19-72939

Agency No. A200-947-490

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2021[**]
Phoenix, Arizona

Before:  BEA and BUMATAY, Circuit Judges, and CARDONE,[***] District Judge.

Armando Salazar-Arvizu, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") decision denying his motion

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

to reissue its earlier decision dismissing his appeal of the IJ's finding that he is inadmissible and not eligible to adjust his status to lawful permanent resident. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reissue its earlier decision. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010) (citing *Lainez–Ortiz v. I.N.S.*, 96 F.3d 393, 395 (9th Cir.1996)). The BIA abuses its discretion when it acts "arbitrar[ily], irrational[ly], or contrary to law." *Ontiveros–Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir.2000). We deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reissue its earlier decision because the BIA duly considered the evidence of non-receipt of its earlier decision and concluded that it was insufficient to rebut the presumption the BIA fulfilled its duty of service by proper mailing of its earlier decision. *See Hernandez-Velasquez*, 611 F.3d at 1078 (citing *Singh v. Gonzalez*, 494 F.3d 1170, 1172–73 (9th Cir. 2007)). Further, the BIA did not act arbitrarily, irrationally, or contrary to law in reaching this conclusion. Counsel's letter of non-receipt was unsworn and, although Salazar-Arvizu submitted a sworn affidavit, he had moved to a new address prior to the issuance of the decision without notifying the BIA as instructed on the Notice of Appeal form and as required by regulation. *Cf. Singh v. I.N.S.*, 295 F.3d 1037, 1039 (9th Cir. 2002) (reversing denial of motion to reopen if arbitrary, capricious, or contrary to law). **DENIED**.

2