NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FORTUNATO DE JESUS AMADOR DUENAS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-71987 <br><br> Agency No. A205-318-278 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2023[**]
San Francisco, California

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Fortunato de Jesus Amador Duenas petitions for review of an order from the

Board of Immigration Appeals (BIA) denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review.

1.     In a published opinion issued concurrently with this memorandum disposition, we hold that the appointment and removal process for Immigration Judges and members of the BIA comports with the Constitution.  These officials are inferior officers of the United States, *see Lucia v. SEC*, 138 S. Ct. 2044, 2051–53 (2018); *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 510 (2010), so the Constitution's Appointments Clause permits their appointment by the Attorney General.  U.S. Const. art. II, § 2, cl. 2; 8 U.S.C. § 1101(b)(4); 8 U.S.C. § 1229a; 8 C.F.R. § 1003.1.  And Amador Duenas has identified no impermissible restriction on the Attorney General's ability to remove these officials.  *See Free Enter. Fund*, 561 U.S. at 493, 495–96.

2.     The BIA did not abuse its discretion by denying Amador Duenas's motion to reopen the removal proceedings.  *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  A petitioner must support a motion to reopen with "previously unavailable, material evidence." *Id.*  Amador Duenas accompanied his motion with declarations from him and his attorney regarding his attorney's failure to file the documents necessary to receive a briefing schedule for his appeal to the BIA.  This evidence does not affect Amador Duenas's eligibility for relief from removal.  Because it would not "change the result in the case," it cannot support reopening removal proceedings.  *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008).

3.    We will not consider Amador Duenas's argument that the agency erred in denying his application for cancellation of removal. Amador Duenas never sought review of the BIA's on-the-merits dismissal of his appeal of the Immigration Judge's determination that he was ineligible for cancellation because he failed to provide evidence showing ten years of continuous physical presence in the United States. He petitions for review only of the BIA's later decision to deny his motion to reopen the removal proceedings. "Our review is, therefore, limited to consideration of that order, rather than the merits of [Amador Duenas's] underlying claim for cancellation of removal." *See Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010); *see also Martinez-Serrano v. INS*, 94 F.3d 1256, 1257–58 (9th Cir. 1996).

Nor will we address Amador Duenas's argument that his waiver of the right to appeal the Immigration Judge's decision to the BIA was ineffective. This argument is misplaced—the BIA determined that Amador Duenas did not waive his right to appeal before dismissing his appeal on the merits.

In his briefing to this court, Amador Duenas separately argues that the Notice to Appear that initiated the removal proceedings against him was defective because it did not include the date and time of his initial removal hearing. He thus maintains that his time of continuous physical presence in the United States has not ended under *Pereira v. Sessions*, 138 S. Ct. 2105, 2109–10 (2018), and that he is now eligible for cancellation of removal. Although the BIA could exercise its discretion

3

to reopen Amador Duenas's removal proceedings sua sponte to consider this argument, *see Menendez-Gonzales v. Barr*, 929 F.3d 1113, 1116 (9th Cir. 2019), we will not consider it because Amador Duenas did not raise it in the motion to reopen at issue in this appeal.  *See Hernandez-Velasquez*, 611 F.3d at 1077.

**PETITION DENIED.**