NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO MEDINA-CASTELLANOS, | Nos. 18-72419 |
| | 22-659 |
| Petitioner, | |
| | Agency No. A093-151-103 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2024**
San Francisco, California

Before: BEA, HAMILTON,*** and CHRISTEN, Circuit Judges.

In these consolidated petitions for review, Fernando Medina-Castellanos

(Medina), a native and citizen of Mexico, petitions for review of two Board of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David F. Hamilton, United States Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Immigration Appeals (BIA) orders. In No. 22-659, Medina petitions for review of the BIA's 2022 order dismissing his appeal of an Immigration Judge's (IJ) order denying his motion to reopen his 1999 final order of removal. We dismiss No. 22-659 because Medina abandons it in his petition for review. *See Kaur v. Holder*, 561 F.3d 957, 959 (9th Cir. 2009) (dismissing petition where there was "no live controversy").

In No. 18-72419, Medina petitions for review of the BIA's 2018 order denying his motion to reissue the BIA's 2015 order dismissing his appeal of an IJ's denial of withholding-only relief. We review for abuse of discretion the BIA's denial of a motion to reissue. *See Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010); *see also Coyt v. Holder*, 593 F.3d 902, 904 n.1 (9th Cir. 2010) ("A motion to reissue is treated as a motion to reopen." (quoting *Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007))). We assume the parties' familiarity with the facts and recite them only as necessary. We have jurisdiction pursuant to 8 U.S.C. § 1252(a).

The BIA did not abuse its discretion in denying Medina's motion to reissue based on ineffective assistance of counsel because Medina failed to demonstrate plausible grounds for relief. *See Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006) (explaining that when an attorney's error deprives the petitioner of appellate review, the petitioner was denied due process if he demonstrates "plausible

2

grounds for relief" on his underlying claim (quoting *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1046 (9th Cir. 2000))). Medina argues that he has plausible grounds for relief because the Department of Homeland Security (DHS) had insufficient evidence to reinstate the 1999 final order of removal. We disagree. At the time DHS entered the reinstatement order in 2015, the record before DHS showed that Medina had been removed in 1999 and reentered the United States despite his inadmissible status. This record was sufficient to support DHS reinstating the 1999 order of removal. *See Tomczyk v. Garland*, 25 F.4th 638, 642 (9th Cir. 2022) (en banc) ("[A]n individual's inadmissible status renders that individual's reentry illegal regardless of the manner of reentry.").

Medina also argues that he has plausible grounds for relief because if the BIA reissued its 2015 order of dismissal, he would petition for review of DHS's 2015 reinstatement order to mount a collateral attack on the 1999 order of removal. *See Bravo-Bravo v. Garland*, 54 F.4th 634, 638 (9th Cir. 2022) (explaining that an "alien may collaterally attack the removal order underlying the reinstatement order" if "there was a gross miscarriage of justice in the [removal] proceedings"). Medina argues that the entry and execution of the 1999 order of removal constituted a miscarriage of justice because a California state court has since vacated one of the criminal convictions cited in the removal order. He concedes that he did not administratively exhaust this argument before the BIA. Even if

Medina could show that his failure to exhaust is excusable, his argument would fail because his conviction was not vacated until 2017. Therefore, the 1999 "removal order [was] legally valid at the time of entry and execution." *Lopez v. Garland*, 17 F.4th 1232, 1236 (9th Cir. 2021) ("[A] petitioner cannot challenge a reinstatement of [a final removal] order as a gross miscarriage of justice based on developments that . . . occurred after the petitioner was removed from this country.").

The BIA also did not abuse its discretion in concluding that Medina did not exercise due diligence to merit equitably tolling the deadline to file a motion to reissue. After the death of his original attorney, Lopez was represented by seemingly competent counsel for two years prior to retaining his current counsel. The BIA made no legal error when it found that Medina was not diligent in pursuing his motion to reissue during the two years that he was represented by those attorneys. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) ("In many cases, [the tolling period ends] when the alien obtains a complete record of his immigration proceedings and is able to review that information with competent counsel.").

The motion for a stay of removal and the supplemental motion for a stay of removal are denied. The temporary stay of removal remains in place until the mandate issues.

**PETITION NO. 18-72419 DENIED.**
**PETITION NO. 22-659 DISMISSED.**

4