NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEJANDRO VILLANUEVA
HERNANDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4218

Agency No.
A213-372-625

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 21, 2025
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and HURWITZ, Circuit Judges.

Alejandro Villanueva Hernandez, a native and citizen of Mexico, seeks review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reconsider the denial of a motion to reopen. We review the BIA's denial of a motion to reconsider or reopen for abuse of discretion, *Suate-Orellana v. Garland*, 101 F.4th 624, 628 (9th Cir. 2024), and we review alleged due process

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

violations de novo, *Benedicto v. Garland*, 12 F.4th 1049, 1058 (9th Cir. 2021). We deny the petition.

Villanueva was ordered removed after failing to timely file an application for asylum. Villanueva contends that the BIA erred by denying his motion to reopen and his motion to reconsider without considering all the evidence, including Villanueva's declaration stating that he did not receive the April 2021 order setting the deadline for filing applications for relief. The BIA is required to consider affidavits of non-receipt submitted by a petitioner and his attorney. *See Singh v. Gonzales,* 494 F.3d 1170, 1172–73 (9th Cir. 2007); *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1078 (9th Cir. 2010). But Villanueva's attorney, whose address was the only one on file with the immigration court, did not submit an affidavit of non-receipt. The BIA did not err in concluding that the declaration of counsel's building manager, which merely confirmed counsel's address, failed to rebut the presumption of delivery. *See Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002).

The BIA's denial of Villanueva's motion to reconsider also did not deny him due process. Villanueva argues that his failure to timely file an application for relief was due to "exceptional circumstances beyond his control, and through no fault of his own"—instead, because "his counsel experienced difficulties receiving mail at her known address." Due process requires notice that is "reasonably calculated" to reach the noncitizen. *United States v. Rivera-Valdes,* 157 F.4th 978, 988 (9th Cir.

2025) (en banc). Because service on Villanueva's attorney was "reasonably calculated" to reach Villanueva, the BIA did not deny him due process. *See Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) ("It is a longstanding principle that in 'our system of representative litigation . . . each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."'") (citations omitted).

The government asks that we make an "inquiry into the actions taken by petitioner's counsel," noting that she failed to explain the late filing of Villanueva's motion for reconsideration.[1] But no claim for ineffective assistance of counsel is before us. "A motion to reopen is the procedural vehicle through which a petitioner may bring, usually for the first time, an ineffective assistance of counsel claim before the BIA." *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1123 (9th Cir. 2000). To allow Villanueva the opportunity to file a motion to reopen with the BIA, we stay the mandate for 90 days from the filing of this disposition.

**PETITION FOR REVIEW DENIED; MANDATE STAYED FOR 90 DAYS.**

---

[1] The government also notes that Villanueva's attorney failed to heed the specific advice of the immigration judge ("IJ") to appeal all issues related to this case within thirty days of the June 2021 removal order. And at oral argument, Villanueva's attorney conceded that she failed to file a declaration stating that she did not receive the April 2021 order, despite being instructed by the IJ to submit evidence supporting her claim of nonreceipt.