NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOHNNORYS CECIBEL ZHUMI-CHILPE; DAIRA ALIN ACOSTA-ZHUMI; NOA NAIRA ACOSTA-ZHUMI,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-7175<br><br>Agency Nos.<br>A246-533-415<br>A246-533-416<br>A246-533-417<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2026[**]
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Petitioners Yohnnorys Cecibel Zhumi-Chilpe and her two minor children petition for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen on the ground that they did not receive the BIA's decision and thus

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

did not receive proper notice to file a timely petition for review. Petitioners argue that the BIA failed to consider an affidavit, which was sufficient to overcome the presumption of proper service and required the BIA to reissue its decision.[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010). The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to law. *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000).

When the record contains evidence that the BIA mailed its decision to a petitioner and her counsel, we presume that the BIA properly served the decision. *Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007). But a petitioner can rebut this presumption by introducing evidence that she did not receive it. *Hernandez-Velasquez*, 611 F.3d at 1078. The BIA must therefore consider and explain the weight it assigns to a petitioner's evidence of non-receipt. *Id.*

The BIA did so here; it considered the facts alleged in petitioners' affidavit and noted that there was no corroborating evidence. Further, it reasonably found that

---

[1] The government asserts that this court cannot review petitioners' claim of improper service because it is unexhausted. Not so. We may review any ground relied on by the BIA regardless of whether petitioners raised it before the BIA. *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013). Here, because the BIA addressed and rejected the argument that service on petitioners was defective, we may review it.

the circumstances of this case did not warrant reissuance of its decision. Petitioners' motion alleged that their former counsel received the decision, suggesting service was proper regardless of issues with petitioners' copy. *See* 8 C.F.R. §§ 1003.1(f) and 1292.5(a). Therefore, the BIA did not abuse its discretion by denying petitioners' motion to reopen. *See Hernandez-Velasquez*, 611 F.3d at 1079.

Petitioners forfeited their ineffective assistance of counsel claim on appeal. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (explaining that issues not raised in an opening brief are generally forfeited). Even assuming petitioners' ineffective assistance of counsel claim is not forfeited, petitioners' claim fails because they did not comply with *Matter of Lozada*'s requirements. *See* 19 I. & N. Dec. 637, 639 (BIA 1988).

Petition **DENIED**.